NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
ERNEST C. BRIGGS,                           :
                                            :
                Plaintiff,                  :
                                            :    Civil No. 05-1906 (SRC)
      v.                                    :
                                            :
JOHNNIE MOORE, et al.                       :
                                            :            OPINION
                Defendants.                 :
_____:

**APPEARANCES**:

    ERNEST C. BRIGGS, #513527 SBI# 148298C
    Plaintiff Pro Se
    Monmouth County Jail
    One Waterworks Road
    Freehold, New Jersey 07728

**CHESLER, DISTRICT JUDGE**

    Plaintiff Ernest C. Briggs ("Briggs"), currently confined at the Monmouth County Jail in Freehold, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon, his affidavit of indigence and institutional account statement, the Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the agency having custody of the Plaintiff to forward payments from

Plaintiff's institutional account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. §1915 (a), (b) (1), (b) (2), (b) (4).

Pursuant to 28 U.S.C. §§ 1915 (e) (2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will permit the claim of imprisonment without probable cause to proceed at this time as against Defendants Moore, Jordan, and Green; permit the conspiracy claim to proceed as against Defendants Moore, Jordan, and Green; and dismiss the Complaint as against the remaining Defendants.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking damages for  alleged violations of his rights secured by the Constitution and  laws of the United States.[1]   Defendants appear to be Johnnie Moore; employed by the Asbury Park Police Department; Louis Jordan, Asbury Park Police Director; Patricia Green, a police administrator; Judge Mark Apostolou; prosecutors Barbara Suppa and Sean Brennan; Judge Ira Kreizman; and attorney James Kinarney. (Compl., Caption and  and ¶  5.)

---

[1]   42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute,  ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff's asserts the following facts in support of his claims: He was arrested on or about May 7, 2003. (Compl. ¶ 8.) About that time, Defendants Moore, Jordan and Green placed a notation of probable cause on the complaint against him. (Id.) According to Plaintiff, Judge Apostolou did nothing when informed in writing on June 11, 2003, that Plaintiff would be submitting a probable cause motion. (Id.) Plaintiff thereafter filed a motion for suppression of evidence in the Superior Court. (Id.) Plaintiff asserts that at the date of hearing on the motion (February 27, 2004) "my attorney (Defendant Kinarney) did not defend me at all." (Id.). In addition, Defendants "Sean Brennan and Barbara Suppa did not prove on the record any fact that I had a probable cause hearing. (Id.) Defendant Judge Ira Kreizman "let this happen knowing that I did not have a probable cause in the courts of Asbury Park... (Id.) Plaintiff concludes that Defendants conspired to violate his Fourth Amendment rights on February 27, 2004. (Id.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a government employee, 28 U.S.C. §§ 1915 (e) (2); 1915A. The Act requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. Id.

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then  v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000).  "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint."  Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  Morse v. Lower Merion Sch.

Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper."  Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Barrett v. City of Allentown, 152 F.R.D. 50, 54 (E.D.Pa. 1993) (Complaint providing no facts whatsoever to support claim asserted does not contain the requisite specificity for a civil rights complaint, even granting Plaintiffs leniency in light of their pro se status).

Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).  To establish a violation of 42 U.S.C. § 1983, the Plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus

Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3).

      The Court will liberally construe the Complaint as raising claims under 42 U.S.C. § 1983 for (1) participation by various Defendants in Plaintiff's arrest and imprisonment without probable cause in violation of the Fourth and Fourteenth Amendments; and (2) conspiracy to violate Plaintiff's Fourth and Fourteenth Amendment rights.  The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B. Arrest and Imprisonment Without Probable Cause

      Construed liberally, the Complaint alleges claims of arrest without probable cause, and false imprisonment against various Defendants.  The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.  Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).  "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested."  Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); Orsatti, 71 F.3d at 483.  "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person

arrested had committed the offense." Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (citation omitted). See also Palma v. Atlantic Cty., 53 F. Supp.2d 743, 755 (D.N.J. 1999) (citing Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)). "Probable cause is defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." Sharrar, 128 F.3d at 817-18 (citing Gerstein v. Pugh, 420 U.S. 103, 111 (1975)). Where probable cause to make an arrest does not exist, the Plaintiff also has a § 1983 claim "for false imprisonment based on a detention pursuant to the arrest." Id. (quoting Groman, 47 F.3d at 636). Where probable cause to make an arrest does exist, Plaintiff may not recover under 42 U.S.C. § 1983. See, e.g. McDermott v. City of New York, 2002 WL 265127, *7 (S.D.N.Y.) (because probable cause to arrest existed, Plaintiff's false arrest and invasion of privacy claims were dismissed).

  Applying these principal to the case at bar, Plaintiff is asserting that Defendants More, Jordan, and Green deliberately acted to imprison him without probable cause by wrongfully altering relevant paperwork. As this question will involve the further determination of facts relevant to the existence of probable cause and other issues, the Court will permit this claim to proceed at this time as against Defendants Moore, Jordan, and Green. See Gerstein v. Pugh, supra; McDermott v. City of New York, supra

  The Court will also permit the conspiracy claim to proceed at this time against these Defendants. In the conspiracy context, the requirement of personal participation in the alleged wrongdoing means that there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. Williams v. Fedor, 69 F.Supp.2d 649, *664-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3rd Cir.

7

2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir.1999)).  See also Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir.1998); (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist); Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988) (plaintiff must show that the defendants " 'reached an understanding to violate [his] rights' "); Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir.1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right'under color of law).  Plaintiff will have the opportunity to develop facts relating to this claim.

C.  Other Defendants

The Court also notes that the Asbury Park Police Department and New Jersey Superior Court are not  proper Defendants under 42 U.S.C. § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989) (states and governmental entities considered arms of the states are not "persons" under § 1983); PBA Local No. 38 PBA Local No. 38 v. Woodbridge Police Dept., 832 F.Supp. 808, 825-26 (D.N.J. 1993) (police  department not a "person" under § 1983).  The Monmouth County Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental  entity that the county prosecutor serves.  See, e.g., N.J. Const., art. VII, § 2, ¶ 1 (establishing county prosecutor); N.J.S.A. 2A:158-1 et seq. (setting forth appointment process, term, powers and duties of the county prosecutor); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wisc. 1999) (district attorney's office cannot be sued as an entity separate from the individual holding the office or the governmental unit on whose behalf the district attorney acts); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (county

prosecutor's office is not an entity subject to suit under § 1983). For this reason, any claims attempted to be asserted against the Prosecutor's Office also fail.

Respecting Defendants Brennan and Suppa, claims against these individual prosecutors also fail because a prosecutor is absolutely immune from a damage action under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)).

As to Defendants Apostolou and Kreizman, the United States Supreme Court has recognized that a judge acting in his judicial capacity is absolutely immune from suits, unless he acts without any colorable claim of jurisdiction. Such immunity cannot be overcome by allegations of bad faith or malice. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Pierson v. Ray, 386 U.S. 547, 553-55 (1967); see also Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir.2000) ("The Supreme Court long has recognized that judges are immune from suit under § 1983 for monetary damages arising from their judicial acts.").

Finally, Defendant Kinarney appears to be either a private attorney or public defender. Private attorneys do not act under color of state law for purposes of § 1983. See Pierce v. Bartley, 2005 WL 975428, *2 (D.Del.April 27, 2005) (citing cases). "Since plaintiff's claim arises solely from his attorney's actions as his criminal defense lawyer, plaintiff cannot maintain a § 1983 claim against his attorney". Pierce, supra. See also Polk County v. Dodson, 454 U.S. 312 (1981) (claims asserted against individual public defenders fail as a matter of law because these defendants were not acting under color of state law).

## III. CONCLUSION

Based on the foregoing, the Court will (1) permit the claim of imprisonment without probable cause to proceed at this time as against Defendants Moore, Jordan, and Green; (2) permit the conspiracy claim to proceed as against Defendants Moore, Jordan, and Green; and (3) dismiss the Complaint as against the remaining Defendants.

An appropriate Order accompanies this Opinion.

s/<br>
**STANLEY R. CHESLER**<br>
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 5, 2005**